IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DANIEL WALKER | § | |
| v. | § | CIVIL ACTION NO. 6:15cv398 |
| SHERIFF L. SMITH, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Plaintiff Daniel Walker, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Sheriff Larry Smith of Smith County and Sheriff James Campbell of Cherokee County.

Walker states that he was arrested on September 25, 2014, for 12 traffic citations. The Tyler municipal court imposed some $3,000.00 in fines. When Walker could not pay, he was put in jail. Ono October 16, with nine days left on his sentence, he was transferred to Cherokee County. His sentence was doubled to 18 days and he was released on November 2, 2014.

On February 26, 2015, Walker was arrested and taken before a different municipal court judge. He tried to explain that the citations were the same ones on which he had already served time, but the judge told him to "file a lawsuit." He was sent to Cherokee County the next day and his sentence was again doubled. Walker claims "it doesn't matter to Sheriff Campbell that a judge has ruled at a hearing in Smith County. He overrides the judge's order and doubles whatever time you have, and when asked about this, the only reason that they give is this is traditional." For relief,

1

Walker asks that the Court "place him in a safe place," restore his freedom, and award him compensation of $7,210.00

After review of the pleadings, the magistrate judge issued a report recommending that the lawsuit be dismissed pursuant to Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). The magistrate judge stated Walker was serving time in a county jail on a sentence he claimed had been unlawfully doubled by the sheriff of Cherokee County, and a finding in Walker's favor would necessarily imply the invalidity of his confinement. In order to proceed with his lawsuit, Walker would have to show that the reason for his continued detention has been reversed, expunged, or otherwise declared invalid.

In his objections to the report, Walker states "the only reason the magistrate judge gave for his recommendation was that the plaintiff asked for monetary funds in his relief." He says that he did not see one paragraph that dealt with his illegal incarceration and violation of his civil rights. Walker asks that the section in the relief that asks for monetary damages be deleted so that he can proceed in his lawsuit.

The magistrate judge correctly determined that Walker's claim for monetary damages was barred by Heck. To the extent that Walker wishes to challenge the legality of his confinement, even without seeking monetary damages, he cannot do so through the vehicle of a §1983 lawsuit. Serio v. Members, Louisiana State Board of Pardons, 821 F.2d 1112, 1117-18 (5th Cir. 1987). Instead, he may only bring a §1983 lawsuit for allegedly unconstitutional conviction or imprisonment, or for other harms caused by actions whose unlawfulness would render a conviction or sentence invalid, upon a showing that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 114 S.Ct. at 2372. This is true even if Walker has been released from custody. Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000). Because Walker cannot challenge the legality of his confinement in a

§1983 lawsuit, the report of the magistrate judge was correct and Walker's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 5) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as to its refiling until the Heck conditions are met - in other words, until Walker can show that his conviction or confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a writ of habeas corpus by a federal court. The dismissal of this lawsuit shall not affect the Plaintiff's right to challenge his conviction or confinement by any other lawful means, including but not limited to habeas corpus or other appropriate action in state or federal court. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**SIGNED this 16th day of October, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE